UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

MICHAEL ANGELO BURNETT,

        Plaintiff,

v.

BRYAN MORRISON et al.,

        Defendants.
_____/

Case No. 1:23-cv-1091

Honorable Sally J. Berens

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. (ECF No. 2.) Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).

Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). That means payment should precede preliminary review pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), which the Court is required to conduct prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). (ECF No. 5.) That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to enter an order denying Plaintiff leave to proceed *in forma pauperis* and directing him to pay the $402.00 filing fee. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the

2

defendants[; h]However, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Because Plaintiff is not permitted to proceed *in forma pauperis* in this matter, the Court will order Plaintiff to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2] This fee must be paid within 28 days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d at 380–81.

## Discussion

The PLRA, which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

3

example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in Section 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See* Op. & J., *Burnett v. Marschke et al.*, No. 2:09-cv-225 (W.D. Mich. Feb. 5, 2010); Op. & J., *Burnett v. Hofbauer et al.*, No. 2:09-cv-192 (W.D. Mich. Dec. 2, 2009); Op. & J., *Burnett v. Caruso et al.*, No. 2:09-cv-180 (W.D. Mich. Oct. 8, 2009); Op. & J., *Burnett v. Hill et al.*, No. 2:09-cv-39 (W.D. Mich. Mar. 6, 2009); Op., Order & J., *Burnett v.*

*Caruso et al.*, No. 2:08-cv-168 (W.D. Mich. Jan. 5, 2009). In addition, Plaintiff has been denied leave to proceed *in forma pauperis* under the three-strikes rule in numerous cases.

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

In the present complaint, Plaintiff sues the following Lakeland Correctional Facility officials: Warden Bryan Morrison; Lieutenant Unknown Boris; Sergeants Unknown Garrett,

5

Unknown Hudson, Unknown Mckinbin, and Unknown Burrow; and Correctional Officers Unknown Stollings, Unknown Mitchie #1, Unknown Mitchie #2, Unknown Stingler, and Unknown Parties, named as Jane Does #1–8. (Compl., ECF No. 1, PageID.1–3.) Plaintiff alleges that Defendants Boris, Garrett, Hudson, Mckinbin, Burrow, Stollings, Mitchie #1, Mitchie #2, Stingler, and Jane Does #1–8 "are on the personal protection device computer systems walking and talking with officers and Plaintiff."[3] (*Id.*, PageID.3.) Plaintiff contends that "because Defendants can walk and talk with officers and Plaintiff while on the personal protection device computer systems, Defendants can also assault Plaintiff with officers' waste anywhere inside the prison facility" and "shout[] racial slurs and profanity in Plaintiff's ear twenty-four hours a day and seven days a week." (*Id.*, PageID.4.) Plaintiff claims that "Defendants can physically interact with the personal protection device computer systems to move officers' waste to Plaintiff, in which is ingested in Plaintiff's mouth and inhaled in Plaintiff's nose." (*Id.*) Plaintiff alleges that the "ongoing assaults with feces" cause him "to suffer from nausea, vomiting, debilitating chest pan that mimic[s] a heart attack, intense burning in [his] chest and throat, and choking on [his] . . . vomit in [his] sleep," and aggravate his two preexisting medical conditions (gastroesophageal reflux disease and hiatal hernia). (*Id.*) Further, Plaintiff alleges that Defendant Morrison "has either authorized the assaults or approved of the assaults." (*Id.*) Plaintiff contends that as a result of Defendants' actions, he is in imminent danger of serious physical injury. (*See id.*, PageID.3–5; *see also* ECF No. 3.)

Plaintiff's allegations regarding forcible consumption of human waste have been Plaintiff's "go to" allegations to avoid the "three strike" consequences of previously filing meritless lawsuits.

---

[3] In this opinion, the Court corrects the capitalization and punctuation in quotations from Plaintiff's complaint.

6

Specifically, the allegations set forth above are similar to allegations in three complaints that Plaintiff filed in 2020. *See Burnett v. Macauley et al.*, No. 1:20-cv-1116 (W.D. Mich.); *Burnett v. Wilborn et al.*, No. 1:20-cv-1161 (W.D. Mich.); *Burnett v. Washington*, No. 1:20-cv-1173 (W.D. Mich.).[4] In those complaints, Plaintiff alleged that various officials used the prison "Safety System" to deliver feces and urine directly into Plaintiff's mouth over a period of years. Plaintiff admitted that he suffered from paranoia and schizophrenia. The Court ultimately determined that Plaintiff's allegations of imminent danger in all three cases were irrational and clearly baseless, and, therefore, did not support a conclusion that Plaintiff was in imminent danger of serious physical injury within the meaning of Section 1915(g). *See Vandiver*, 727 F.3d at 585; *Rittner*, 290 F. App'x at 798.

In this action, Plaintiff alleges that Defendants have used "personal protection device computer systems," on which they can "walk and talk with officers and Plaintiff," to "assault Plaintiff with officers' waste" and to "shout[] racial slurs and profanity in Plaintiff's ear twenty-four hours a day." (Compl., ECF No. 1, PageID.4.) Although Plaintiff now alleges that Defendants have used "personal protection device computer systems," rather than the prison "Safety System," Plaintiff's present allegations are otherwise analogous to his allegations in the above-discussed 2020 cases. As the Court concluded in Plaintiff's 2020 cases, the Court concludes

---

[4] Plaintiff's allegations are also similar to allegations in complaints he filed in the United States District Court for the Eastern District of Michigan. *See Burnett v. Jenkins et al.*, No. 2:19-cv-13513 (E.D. Mich.) (alleging that officials at the Macomb Correctional Facility and Ionia Correctional Facility delivered feces and urine into his mouth using the prison safety systems); *Burnett v. Walsh et al.*, No. 2:18-cv-11063 (E.D. Mich.) (alleging that officials at the Macomb Correctional Facility used the Safety System to deliver feces and other bodily fluids into his mouth); *Burnett v. Herron et al.*, No. 5:18-cv-12471 (E.D. Mich.) (alleging that officials at the Macomb Correctional Facility put feces into his mouth at least three times a week). Additionally, Plaintiff's allegations are similar to allegations in the complaint that he filed in *Burnett v. Corrigan et al.*, No. 2:22-cv-129 (W.D. Mich.), in which he alleged that officials at Chippewa Correctional Facility sprayed human waste in his face and mouth using an industrial-sized spray bottle.

that Plaintiff's present allegations of imminent danger are "fantastic or delusional and rise to the level of irrational or wholly incredible" and do not support a conclusion that Plaintiff is in imminent danger of serious physical injury. *Rittner*, 290 F. App'x at 798.

Therefore, Section 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action, and the Court will deny Plaintiff's motion to proceed under the imminent danger of serious physical injury exception (ECF No. 3). Plaintiff has 28 days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated:  November 21, 2023                    /s/ Sally J. Berens
                                             SALLY J. BERENS
                                             United States Magistrate Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**